UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM B. McMICHAEL,

        Plaintiff,                          FILE NO. 5:06-CV-119

v.                                       HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, et al.,

        Defendants.

_____/

## ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #6). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #7).

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff is incarcerated with the Michigan Department of Corrections and presently is housed at the Richard A. Handlon Correctional Facility (MTU). In his complaint, Plaintiff alleges that Defendants denied him proper medical care for his acid reflux. Specifically, he complains that, while housed at another facility, he was prescribed a wedge pillow as an accommodation for his acid reflux disease. Upon transfer, however, MTU officials confiscated the pillow and discontinued the

medical accommodation.   Despite repeated requests, Defendants continued to deny Plaintiff's demand for a wedge pillow, recommending instead the use of extra clothing to elevate the head, an increase in the dosage of his prescribed medications, weight loss and diet change.  The Magistrate Judge concluded that Plaintiff's alleged disagreement with Defendants' recommended course of medical treatment was insufficient to state an Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

As the Magistrate Judge noted, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *

2

4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Here, the Magistrate Judge concluded that Plaintiff's allegations did not rise to the level of deliberate indifference to his serious medical need.  The Magistrate Judge noted that Plaintiff had received extensive treatment for his reflux, including prescriptions for two medications and recommendations concerning diet, elevation and weight loss.

In his objections, Plaintiff argues that the use of clothing to elevate the head is unsatisfactory, as the clothing does not elevate his upper torso and does not provide a level sleeping surface.  He also argues that following the medical advice may place him at risk of being cited for misconduct for misusing his clothing.  Plaintiff's arguments are unpersuasive.  Although positioning a pillow over clothing might be more inconvenient and less comfortable, Plaintiff's allegations do not support a conclusion that medically necessary elevation could not be accomplished.  Further, Plaintiff's claim that following medical orders could result in a misconduct ticket is wholly speculative and insubstantial.

Plaintiff next objects that elevation is counter-indicated by the general reflux instruction sheet provided to him by medical services.  He therefore contends that the medical advice is constitutionally inadequate.  The argument is frivolous.  If elevation is not required, Plaintiff's insistence that a wedge pillow is constitutionally warranted is wholly undermined.

Finally, Plaintiff claims that the instructions included with his prescribed medication of Prilosec indicate that the medicine should not be taken more than 14 days.  He therefore suggests that Defendants' continued prescription of the drug constitutes deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Again, Plaintiff's claim is frivolous.  The prescription information sheet attached to Plaintiff's objections indicates only that the medicine should not be taken for more than 14 days "unless directed by a doctor."  Plaintiff fails entirely to allege a factual basis for his assertion that a doctor's long-term prescription of the therapy is medically unsound.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #7) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction (docket #3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Date:___January 8, 2007_____          /s/ Robert Holmes Bell_____
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE